UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

VALERY HERNANDEZ

      Plaintiff,

v.

BROWN & BROWN OF FLORIDA, INC.

      Defendant.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, VALERY HERNANDEZ (hereafter referred to as "Plaintiff"),

by and through his undersigned counsel, and hereby sues Defendant, BROWN & BROWN OF

FLORIDA, INC. (hereafter referred to as "Defendant") and as grounds alleges:

### **JURISDICTIONAL ALLEGATIONS**

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and

   attorney's fees for willful violations of the American with Disabilities Act of 1990, 42

   U.S.C. Sec. 1211, et seq. ("ADA") and the Florida Civil Rights Act of 1992, Florida

   Statutes, Chapter 760, et seq. ("FCRA"), to redress injuries resulting from Defendant's

   unlawful, disability-based discriminatory of and retaliation against Plaintiff.

### **PARTIES**

2. Plaintiff, VALERY HERNANDEZ, is an adult, female resident of Palm Beach County,

   Florida.

3. Defendant, BROWN & BROWN OF FLORIDA, INC. is a Florida corporation

   authorized to conduct business in the State of Florida and in Palm Beach County, Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, *et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

6. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

9. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

## JURISDICTION AND VENUE

10. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

11. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Palm Beach County, within jurisdiction of this Honorable Court.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

13. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

14. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. On or about February 6, 2018, Plaintiff became employed by Defendant as a technical assistant.

16. Thereafter Plaintiff was the main assistant of the commercial lines leader, Maria Molina, and was also considered a JR Account Manager.

17. Plaintiff has been diagnosed with severe Poli Cystic Ovarian Syndrome ("PCOS").

18. Plaintiff has a disability within the meaning of 42 U.S.C. §12102. Plaintiff has severe Poli Cystic Ovarian Syndrome which is an impairment that substantially limits one or more major life activity, including abnormal menstrual cycles, cysts in her ovaries, and difficulty in losing weight.

19. Plaintiff informed Defendant of her disability. Specifically, she informed her direct supervisor, Maria Molina.

20. On or about September of 2019, Plaintiff was advised by her doctor that she required weight loss surgery to alleviate complications caused by her severe PCOS.

21. Plaintiff immediately informed her supervisor, Maria Molina, of her required surgery to request days off.

22. On or about November of 2019, just before her surgery, Katy Rustan of Human Resources began to discuss Plaintiff's medical condition and upcoming surgery with other employees of Defendant.

23. Ms. Rustan confronted Plaintiff's co-worker, Christine, asking why Christine had not told her about Plaintiff's weight loss surgery before.

24. Ms. Rustan made derogatory comments about Plaintiff's medical disability, such as "why can't she just lose weight like normal people do, and where did she even get the money to do the surgery?"

25. Ms. Rustan made these comments in front of all Defendant's employees on the main floor of the workplace.

26. Plaintiff felt humiliated by Ms. Rustan's comments.

27. Additionally, Ms. Rustan criticize and scrutinize everything that Plaintiff ate. Ms. Rustan would tell Plaintiff that if she wanted to lose weight, she should not be eating what she was.

28. Ms. Rustan did not criticize or scrutinize what other employees ate.

29. On or about November 4, 2019, Plaintiff reported Ms. Rustan's before to Ms. Molina. Plaintiff was told by Ms. Molina that she would speak with Ms. Rustan, but no remedial action was taken.

30. Ms. Rustan continued to harass Plaintiff.

31. On or about November 5, 2019, Plaintiff informed Mike Vega of Ms. Rustan's behavior, but he did not address the issue.

32. On or about November 6, 2019, Plaintiff informed Daniel Touchet, Proft Center Leader, that she felt harassed and discriminated against by Ms. Rustan. Mr. Touchet said the matter would be addressed after Plaintiff returned from the surgery.

33. On or about November 8, 2019, Plaintiff underwent surgery.

34. On or about November 13, 2019, Plaintiff returned to work, despite being recommended for 6 weeks of rest by her doctor.

35. Upon Plaintiff's return, Defendant did not offer Plaintiff any accommodations, help, or informed of her FMLA rights.

36. Instead of offering help, Plaintiff was shunned by Ms. Molina and Ms. Rustan.

37. Ms. Molina and Ms. Rustan knew that Plaintiff had reported the discriminatory treatment, and retaliated against her by not communicating with Plaintiff, affecting Plaintiff's job performance.

38. On or about November 14, 2019, Plaintiff reported the discriminatory and retaliatory treatment to Mr. Touchet, but Mr. Touchet disregarded her concerns.

39. Defendant created a hostile work environment towards Plaintiff as a result of her disability and reporting of the discriminatory treatment.

40. On or about November 19, 2019, Plaintiff sought legal advice regarding her work situation.

41. On or about December 16, 2019, Plaintiff filed a complaint with the Florida Commission on Human Relations.

42. Soon thereafter, Plaintiff was given multiple write-ups for the first time after returning from surgery.

43. Plaintiff was given a substantial amount of additional work to overwhelm her.

44. Plaintiff was under constant humiliation, anxiety, and bullying by Defendant.

45. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

46. On or about February 25, 2020, Plaintiff was constructively discharged as a result of Defendant's disability based discriminatory and retaliatory treatment.

47. On or about November 19, 2020, the U.S. Equal Employment Opportunity Commission issued a "Notice of Suit Rights" to Plaintiff.

48. As a result of Defendant's discriminatory treatment of Plaintiff based on her disability, Plaintiff has suffered damaged and was forced to retain undersigned counsel.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-48 above as is set out in full herein.

50. Plaintiff is a member of a protected class under the ADA.

51. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

52. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of her medical condition.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

55. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

58. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

59. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

60. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

61. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

62. Defendant is a covered employer to which the ADA applies.

63. Defendant constructively discharged Plaintiff from employment because of Plaintiff's disability.

64. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable her to be employed by Defendant, as required under the ADA.

65. Defendant's constructive discharge of Plaintiff on the basis of her disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the ADA.

66. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-48 above as is set out in full herein.

68. Plaintiff is a member of a protected class under the FCRA.

69. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

70. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a work-related injury/medical condition.

71. Defendant's conduct complained of herein is willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

72. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

73. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

74. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

75. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

76. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice and reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law to punish the Defendant for its actions and to deter it, and others from such action in the future.

77. Defendant constructively discharged Plaintiff from employment because of Plaintiff's disability.

78. Defendant's constructive discharge of Plaintiff on the basis of her disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the FCRA.

79. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**RETALIATION IN VIOLATION OF THE ADA**

80. Plaintiff re-alleges and re-affirms Paragraphs 1-48 as is it is fully set forth herein.

81. Plaintiff is a member of a protected class under the ADA.

82. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

83. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

84. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

85. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

86. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

87. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

88. Plaintiff re-alleges and re-affirms Paragraphs 1-48 as is it is fully set forth herein.

89. Plaintiff is a member of a protected class under the FCRA

90. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA

91. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

92. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

93. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

94. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

95. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the FCRA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II- HOSTILE WORK ENVIRONMENT

96. Plaintiff re-alleges and re-affirms the allegations contained in the above paragraphs 1 through 48, as if fully set forth herein.

97. Plaintiff was subjected to harassment by Defendants, including Maria Molina and Katy Rustan because of her disability.

98. Plaintiff was subjected to verbal and written conduct by Defendants.

99. Defendants' conduct was not welcomed by Plaintiff.

100.       Defendants' conduct was undertaken because of Plaintiff's national origin.

101.    The conduct was so severe and pervasive that reasonable persons in Plaintiff's positions would find their work environment to be hostile or abusive as a result of Defendants' conduct.

102.    Plaintiff believes her work environment to be hostile and abusive as a result of Defendants' conduct.

103.    Management level employees knew, or should have known, of the abusive conduct. Plaintiff provided management level employees such as Maria Molina, Mike Vega, and Daniel Touchet of complaints with information sufficient to raise a probability of disability discrimination in the mind of a reasonable employer. Furthermore, the harassment was so pervasive and open that a reasonable employer would have been aware of it.

104.    Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis of disability and did not exercise reasonable care to promptly correct any harassing behavior that occurred.

105.    As a direct, legal and proximate result of the discrimination, Plaintiff sustained, and will continue to sustain economic and non-economic damages, harm to her professional and personal reputation, severe mental anguish, and embarrassment.

106.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a.  A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

   b.  An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c.  An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e.  An award of punitive damages;

f.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

g.  Such other and further relief as the Court may deem just and proper.

### **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223